IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
UNITED STATES OF AMERICA    )
                            )
     v.                     )
                            )  1:11cr523 (JCC)
NATHAN WILLIAMS,            )
                            )
     Defendant.             )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Nathan Willliams' Motion to Disclose Presentence Reports of his co-conspirators and co-defendants (the Motion). In the alternative, Defendant requests that the Court conduct an *in camera* review of the presentence reports (PSRs). For the following reasons, the Court will deny Defendant's motion.

**I. Background**

On November 10, 2011, a grand jury sitting in the Eastern District of Virginia returned a multiple count indictment against Nathan Williams. [Dkt. 1.] Defendant was indicted for violating 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a)(1)(A) in connection with the acquisition of firearms from a federally licensed firearms dealer. The indictment states

1

that Defendant conspired to commit those offenses with Donita Trent.

On December 14, 2011, Defendant filed a motion for disclosure of presentence reports of co-conspirators and co-defendants. [Dkt. 15.] Specifically, Defendant requests the PSR of Donita Trent, a co-conspirator. Defendant generally argues that he is "entitled to discovery of [the PSRs] under *Brady v. Maryland*, 373 U.S. 83 (1963)." (Def.'s Mot. [Dkt. 15] at 2.)

The Government opposes the Motion.

Defendant's Motion is now before the Court.

## II. Analysis

Recognizing that "[p]resentence reports represent a special subcategory of potentially discoverable confidential information," direct disclosure of an entire PSR to the defense, before the Court has conducted an *in camera* review, is generally impermissible. *See United States v. Trevino,* 89 F.3d 187, 189-90 (4th Cir. 1996). Here Defendant provides no basis for direct disclosure, and as a result, the Court denies the request for direct disclosure.

As to Defendant's request for *in camera* review, the Court "is under no duty to conduct an *in camera* examination of a requested PSR unless the accused has first clearly specified the information contained in the report that he expects will reveal

2

exculpatory or impeachment evidence." *Id.* at 192.  Here, Defendant states that PSRs "*ordinarily* reveal [such] information" and that they "also include the defendant's version of the offense which is *usually* quite different from the witness' testimony at trial."  (Def.'s Mot. at 2 (emphasis added).)  Such assertions are speculative and fall short of articulating the requisite degree of specificity to warrant *in camera* review.  *See United States v. Swain*, No. 4:07-CR-62-D, 2008 WL 717729, 2008 U.S. Dist. LEXIS 21058, at *17-20 (E.D.N.C. Mar. 17, 2008) (noting that the speculation that witnesses may have substance abuse problems or mental health issues is insufficient to warrant *in camera* review of PSRs).

Defendant fails to provide any concrete assertions about how the information contained in the PSRs would constitute exculpatory or impeachment evidence in this particular case. And, the Government submits that it has turned over eleven pages of reports from three interviews of Ms. Trent providing an overview of her anticipated testimony.  The Government also submits that it will move to unseal her plea agreement and statement of facts at the appropriate time, and that it will conduct a thorough review of the PSR and disclose relevant materials.  As a result, the Court denies Defendant's request for *in camera* review at this point in time.

**III. Conclusion**

For these reasons, the Court will deny Defendant's Motion.

|  | /s/ |
|---|---|
| January 10, 2012 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |